**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREENWALD ASSOCIATES LLC,

    *Plaintiff*,

v.

HOUSING AUTHORITY OF THE CITY OF NEWARK d/b/a NEWARK HOUSING AUTHORITY, EDWARD OSBORNE, ALIF MUHAMMAD, VICTOR CIRILO, MORRIS WARNER, NORMA GONZALEZ, MARTINIQUE W. COSTA, FAUSTO BAEZ, BRIAN K. LOGAN, and UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT,

    *Defendants*.

Civil Action No. 21-12136

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This case involves a real estate deal that did not come to fruition. But Plaintiff attempts to paint its contractual/quasi-contractual claims as violations of a constitutional magnitude. The Court disagrees. Currently pending is a motion to dismiss filed by Defendants Housing Authority of the City of Newark d/b/a Newark Housing Authority ("NHA"), Edward Osborne, Alif Muhammad, Victor Cirilo, Norma Gonzalez, Martinique Costa, Fausto Baez, and Brian Logan.[1] D.E. 32. The Court reviewed the parties' submissions[2] and decided the motion without oral

---

[1] All claims against Defendant United Stated Department of Housing & Urban Development ("HUD") were voluntarily dismissed without prejudice. D.E. 30.

[2] Defendants' brief in support of their motion to dismiss, D.E. 32-1 ("Br."); Plaintiff's brief in opposition, D.E. 33 ("Opp."); and Defendants' reply brief, D.E. 36 ("Reply").

argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

I.   BACKGROUND[3]

Plaintiff Greenwald Associates, LLC ("Greenwald") is a New Jersey corporation. Compl. ¶ 1. Defendant NHA is a municipal entity headquartered in Newark, New Jersey. Id. ¶ 2. Defendant Edward Osborne is a resident of New Jersey and was the Chairman of NHA during the relevant period. Id. ¶ 3. Defendant Victor Cirilo is a resident of New Jersey and was the Executive Director of NHA during the pertinent time. Id. ¶ 5. Defendants Alif Muhammed, Morris Warner,[4] Norma Gonzalez, Martinique Costa, Fausto Baez, and Brian Logan are New Jersey residents and were members of the NHA Board of Commissioners (the "Board") during the relevant period. Id. ¶¶ 4, 6-10.

NHA is the owner of real property located at 730-36 and 738-44 Dr. Martin Luther King, Jr. Boulevard in Newark, New Jersey (the "Premises"). Id. ¶ 18. On or about June 12, 2018, Greenwald and NHA entered into a contract in which Greenwald agreed to purchase the Premises for $1,000,000 (the "Contract"). Id. ¶¶ 28-29. Greenwald made a down payment of $100,000. Id. ¶ 30. The Contract was contingent upon an authorized resolution of the Board and written conveyance authorization by the United States Department of Housing and Urban Development ("HUD"). Id. ¶ 32. On or about August 31, 2018, after the Board approved the Contract, Greenwald and NHA entered into a written addendum acknowledging the Board's approval. Id. ¶¶ 33-34. In April 2019, NHA advised Greenwald of documents needed to obtain authorization

---

[3] The facts are taken from the Verified Complaint, D.E. 1 ("Complaint" or "Compl."). When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[4] Warner did not join in the motion to dismiss or submit an answer to the Complaint.

2

from HUD. *Id.* ¶ 36. Greenwald complied with the request and was not advised that any of the documents were missing or deficient. *Id.* ¶¶ 37-38. By a letter dated July 26, 2019, NHA counsel confirmed receipt of Greenwald's response to the document request. *Id.* ¶ 37. The letter also advised Greenwald that the Premises was subject to HUD affordability requirements that NHA was not authorized to waive and requested that Greenwald advise whether it would like to proceed with the transaction given the requirements. *Id.* ¶ 39. By letters dated August 19, 2019 and November 25, 2019, Greenwald confirmed that it would like to move forward. *Id.* ¶ 40.

On or about December 11, 2019, counsel for NHA advised Greenwald that NHA was terminating the Contract. *Id.* ¶ 41. NHA also claimed that Greenwald had breached the Contract and that its down payment would be retained as liquidated damages. *Id.* ¶ 42. Greenwald objected, demanding immediate rescission of the termination letter and an access agreement, which was needed in order to meet NHA's document demands. *Id.* ¶¶ 43-44. Several months later, in February 2020, Plaintiff and Defendants met to resolve the dispute and discuss rescission of the termination. *Id.* ¶ 45. However, after this meeting, Plaintiff was unable to reach Defendants or their counsel for several months due to pandemic delays. *Id.* ¶ 47.

Subsequently, on or about July 20, 2020, Defendants' counsel sent another letter terminating the Contract. *Id.* ¶ 48. Greenwald once again objected to termination, and NHA advised that it would reconsider its decision contingent upon an increased purchase price of $1,300,000 along with an additional non-refundable down payment of $100,000. *Id.* ¶¶ 49-50. On October 2, 2020, NHA sent Greenwald a proposed amended contract reflecting the new terms. *Id.* ¶¶ 51-52. Greenwald requested two changes to the proposed amended contract: (1) that the deposit be returned if the contract was cancelled due to no fault of Greenwald, and (2) that Greenwald be permitted to access the Premises to comply with any document requests. *Id.* ¶ 53. Several weeks

later, on or about October 29, 2020, NHA advised Greenwald that the proposed amended contract was "not advanced" by the Board and reaffirmed termination of the Contract. *Id.* ¶ 54. Greenwald attempted to salvage the deal and expressed that it was willing to compromise on many of the terms. *Id.* ¶ 55. Despite these efforts, Defendants relisted the Premises for sale on or about January 20, 2021. *Id.* Defendants are currently in the process of selling the Premises to another party. *Id.* ¶ 59.

On June 3, 2021, Plaintiff commenced the present action seeking a declaratory judgment that Defendants' termination of the Contract was invalid and that Plaintiff did not breach the Contract; specific performance of the Contract; and a permanent injunction restraining Defendants from using Plaintiff's down payment or selling the Premises to another party. D.E. 1. Plaintiff also brings claims for breach of contract, conversion, breach of the implied covenant of good faith and fair dealing, wrongful termination of contract, tortious interference, and unjust enrichment, as well as claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). *Id.* The current motion followed. D.E. 32.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Defendants argue that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. To decide a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack against a complaint. A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's

assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Id.* at 346 (quoting *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "When a factual challenge is made, the plaintiff will have the burden of proof that jurisdiction does in fact exist, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citations omitted). Here, Defendants mount a facial attack; therefore, the Court considers the allegations made in the Complaint to be true.

### B. Rule 12(b)(6)

Defendants also move to dismiss under Federal Rule of Civil Procedure 12(b)(6), which permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is

"not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### III. ANALYSIS

#### A. Section 1983 Claims

Plaintiff brings Section 1983 claims for alleged violations of the Takings Clause of the Fifth Amendment and of Plaintiff's procedural and substantive due process rights under the Due Process Clause of the Fourteenth Amendment. Compl. ¶¶ 122-153. Defendants argue that as to the Section 1983 claims, Plaintiff is attempting to improperly manufacture federal subject-matter jurisdiction for a breach of contract dispute, and thus that this action should be dismissed. Br. at 1.

##### 1. Due Process

In analyzing a procedural due process claim, a court must first determine whether the asserted interest falls within the protection of the Fourteenth Amendment. *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984). Similarly, "[t]o prevail on a non-legislative substantive due process claim,"[5] a plaintiff must first establish that it "has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 139-40 (3d Cir. 2000).

The Third Circuit has long recognized that "[o]nly certain state contracts create protected property interests under the Fourteenth Amendment." *Baraka v. McGreevey*, 481 F.3d 187, 207 (3d Cir. 2007) (citing *Unger v. Nat'l. Residents Matching Program*, 928 F.2d 1392, 1397-98 (3d Cir. 1991)). The Third Circuit has observed the following:

---

[5] Plaintiff clarifies in its opposition brief that it is pressing a non-legislative substantive due process claim. *See* Opp. at 12.

> [T]wo general types of contract rights are recognized as property protected under the Fourteenth Amendment: (1) where the contract confers a protected status, such as those characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits; or (2) where the contract itself includes a provision that the state entity can terminate the contract only for cause.

*Linan-Faye Const. Co. v. Hous. Auth. of City of Camden*, 49 F.3d 915, 931-32 (3d Cir. 1995) (quoting *Unger*, 928 F.2d at 1399) (internal quotation marks omitted). Other Courts of Appeals have likewise held that only certain contracts with state entities should give rise to constitutional claims. *See S & D Maintenance Co., Inc., v. Goldin*, 844 F.2d 962, 966 (2d Cir.1988) ("[T]he doctrinal implications of constitutionalizing all public contract rights would raise substantial concerns"); *Yatkin v. Madison Metro. Sch. Dist.*, 840 F.2d 412 (7th Cir.1988) (finding that the Due Process Clause does not "entitle a person to a federal remedy for every breach of contract by a state or federal agency"); *San Bernardino Physicians' Servs. Med. Grp., Inc. v. San Bernardino Cty.*, 825 F.2d 1404, 1408 (9th Cir. 1987) ("[N]ot *every* interference with contractual expectations" creates a claim under Section 1983) (emphasis in original); *Boucvalt v. Board of Comm'rs*, 798 F.2d 722, 729-30 (5th Cir.1986) (noting that it would be "unrealistic and contrary to common sense" to require a due process hearing "before any public agency can ever terminate or breach a contract"); *Bleeker v. Dukakis*, 665 F.2d 401, 403 (1st Cir. 1981) ("[A] mere breach of contractual right is not a deprivation of property without constitutional due process of law…Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case.").

Important policy considerations underlie this limitation. As the Ninth Circuit has noted, it is "neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim" because "the Fourteenth Amendment was not intended to shift

7

the whole of the public law of the states into the federal courts." *San Bernardino Physicians' Servs. Med. Grp., Inc.*, 825 F.2d at 1408 (internal quotation omitted); *see also Linan-Faye Const. Co.*, 49 F.3d at 932 (noting that to grant the plaintiff a remedy under Section 1983 for an alleged breach of its contract with a state entity "would create the wholesale federalization of state public contract law"). Thus, "although the consequential damages of an alleged breach may be severe, this fact alone cannot convert a contract claim into a deprivation of liberty." *Linan-Faye Const. Co.*, 49 F.3d at 932 (internal citation omitted).

Here, Plaintiff has not sufficiently pled that it has a constitutionally protected property interest that gives rise to either a procedural or a substantive due process claim. Because the contract at issue does not fall within either of the two categories set forth by the Third Circuit, *see Unger*, 928 F.2d at 1399, Plaintiff does not state a plausible claim for relief under Section 1983. *See Linan-Faye Const. Co.*, 49 F.3d at 932 (upholding grant of summary judgment to the defendant on the plaintiff's Section 1983 claim because the contract did not fall into either of the two categories delineated by the Third Circuit); *Pence v. Mayor of Bernards Twp.*, Civ. No. 08-2312, 2010 WL 2925901, at *3 (D.N.J. July 21, 2010) (dismissing the plaintiff's Section 1983 claim based on due process because the contract did not convey a constitutionally protectable property interest); *Rodriguez v. Fajardo*, Civ. No. 06-4996, 2007 WL 1959254, at *8-9 (D.N.J. July 3, 2007) (dismissing Section 1983 claim for failure to state a claim upon which relief can be granted because the plaintiff's quasi-contractual redevelopment deal with the city fell "outside of the kinds of contractual arrangements found to have conferred protectible property interests").[6]

---

[6] Plaintiff claims that Defendants' contentions are "untrue," Opp. at 11, but none of the cases cited by Plaintiff, *see id.* at 11-13, demonstrate that it plausibly states a Section 1983 claim based upon Defendants' alleged breach of the Contract. Indeed, as Defendants note, *see* Reply at 2, several of the cases Plaintiff relies upon address zoning powers and city ordinances, rather than breach of contract claims.

### 2. Takings Clause

Plaintiff also asserts a Takings Clause claim, made applicable to the States through the Fourteenth Amendment. Compl. ¶¶ 122-133. Defendants argue that the Takings Clause cannot transform a breach of contract controversy into a constitutional case. Br. at 6 (citing *Casey v. Depetrillo*, 697 F.2d 22, 23 (1st Cir. 1983); *HMCA (Carolina), Inc. v. Soler-Zapata*, 778 F. Supp. 1234, 1239 (D.P.R. 1991)). In its opposition, Plaintiff maintains that Defendants have "taken" and "deprived" the Plaintiff of its down payment, contract, and interest in the Premises, Opp. at 11, but Plaintiff fails to raise any credible arguments demonstrating that the Takings Clause is applicable here. Accordingly, the Court finds that Plaintiff has not plausibly alleged a Takings Clause claim.

Thus, Plaintiff's Section 1983 claims are dismissed for failure to state a claim upon which relief can be granted.

### B. Supplemental Jurisdiction Over Remaining Claims

28 U.S.C. § 1367(c) gives district courts discretion to decline to hear state law claims they would otherwise have supplemental jurisdiction to entertain pursuant to Section 1367(a). Specifically, § 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Thus, retaining supplemental jurisdiction is a matter of discretion. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). However, the Third Circuit has determined that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id*. (emphasis added). Additionally, while the determination is discretionary, "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be

exercised where there is no longer any basis for original jurisdiction." *Shaffer v. Township of Franklin*, Civ. No. 09-347, 2010 WL 715349, at *1 (D.N.J. Mar. 1, 2010); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (encouraging federal courts to avoid "[n]eedless decisions of state law"); *Markowitz v. Ne. Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court."). If a district court decides it will not hear the remaining state law claims, and the case has been removed from a state court, the Court must remand the matter to state court. *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) (concluding that "the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed").

Here, the Court has dismissed all claims over which it has original jurisdiction. Thus, the Court will not exercise supplemental jurisdiction over Plaintiff's remaining claims. *See Rogers v. Gloucester Twp. Hous. Auth.*, Civ. No. 14-1268, 2015 WL 132540, at *4 (D.N.J. Jan. 9, 2015) ("Because this Court has granted summary judgment in favor of Defendants on Plaintiff's only federal law claim asserted for alleged violations of the Fourteenth Amendment pursuant to § 1983, it will decline to exercise jurisdiction over all remaining state law claims"); *Schaffer,* 2010 WL 715349, at *1 (declining to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims after they voluntarily dismissed the sole federal claim against the defendant with prejudice). Plaintiff contends that if the Court rules in favor of Defendants, the matter should be remanded as opposed to dismissed. Opp. at 18. However, this case was never removed from a state court; rather, Plaintiff filed the case in federal court. *See* D.E. 1. Thus, remand is not appropriate here.

10

### IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 12th day of May 2022 hereby

**ORDERED** that Defendants' motion to dismiss, D.E. 32, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and it is further

**ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, the claims dismissed herein will be dismissed with prejudice. Alternately, if Plaintiff does not intend to file an amended complaint that confers subject-matter jurisdiction on the Court, Plaintiff shall notify the Court in writing on the docket and this matter will be closed.

_____
John Michael Vazquez, U.S.D.J.